**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 06-4551**

―――――――

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JONATHAN LEE SHULL,

                                    Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:04-cr-00018)

―――――――

Submitted: June 20, 2007              Decided:  July 12, 2007

―――――――

Before MOTZ, KING, and DUNCAN, Circuit Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Fredilyn Sison, Assistant Federal Defender, Asheville, North
Carolina, for Appellant.  Gretchen C.F. Shappert, United States
Attorney, Charlotte, North Carolina; Don D. Gast, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Lee Shull pled guilty to two bank robberies in North Carolina and one in Tennessee. He was sentenced to 240 months for each North Carolina robbery and 293 months for the Tennessee robbery. The sentences ran concurrently. We previously vacated the sentences and remanded for resentencing light of United States v. Booker, 543 U.S. 220 (2005). Following resentencing, the district court imposed the identical sentences. Shull now appeals, contending that the district court erred when it increased his offense level by six points for possession of a firearm during the Tennessee robbery. Finding no error, we affirm.

At resentencing, the district court found by a preponderance of the evidence presented at the sentencing hearing that Shull had displayed and pointed a pistol at a bank teller. Accordingly, he had "otherwise used" a firearm during the Tennessee robbery, warranting the six-level enhancement. See U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(B) (2003). It is established that the district court's use of the preponderance of the evidence standard while applying the guidelines as advisory does not violate the Sixth Amendment. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

Shull's sentence falls within the applicable statutory maximum and the properly calculated advisory guideline range. Further, the district court considered the factors set forth at 18

U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) when imposing sentence. We conclude that the sentence is reasonable.  <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 121 S. Ct. 2309 (2006); <u>United States v. Hughes</u>, 410 F.3d 540, 546 (4th Cir. 2005). We accordingly affirm.[*]  We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*]Because the sentence is not above the advisory guideline range but was instead correctly determined, we reject Shull's claim that the sentence is unreasonable because the district court did not state how a sentence above the advisory range serves the purposes of 18 U.S.C.A. § 3553(a).